CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 7 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HENRY DOUGLAS BURTON,<br>Petitioner, | ) ) ) | Civil Action No. 7:05-CV-00228 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA,<br>Respondent. | ) ) ) | By: Hon. Glen E. Conrad<br>United States District Judge |

Petitioner Henry Douglas Burton, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On April 26, 2005, this court directed Burton to provide additional information concerning the timeliness of his petition. Burton did not respond to that order. Therefore, because it is clear that the petition is not timely, this court must dismiss Burton's petition, pursuant to 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1), a petitioner has one year to file a federal habeas corpus petition that seeks to challenge a state court conviction. Generally, this limitation period begins when the state conviction becomes final at the conclusion of direct appeals. See 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period is tolled during collateral review of a conviction. See 28 U.S.C. § 2244(d)(2).

On February 24, 2000, petitioner pled guilty to two counts of using a firearm while committing a robbery in the Circuit Court of Pulaski County. The court sentenced petitioner to two life sentences on July 19, 2000. On August 8, 2000, petitioner filed a motion for a rehearing, which the Circuit Court denied on October 17, 2000. Petitioner did not appeal his conviction to the Court of Appeals of Virginia or the Supreme Court of Virginia. Therefore, petitioner's conviction became final on November 17, 2000, thirty days after the Circuit Court denied his motion for a rehearing. See Va. Sup. Ct. R. 5:9(a). Petitioner filed a petition for a writ of habeas

corpus in the Supreme Court of Virginia on October 11, 2002. The Court denied the petition on March 27, 2004. It appears that the one-year limitation period expired in November 2001, some eleven months before petitioner filed his state habeas petition.

Burton has not provided this court with any basis for tolling or restarting the one-year limitation period in § 2244(d)(1). Because Burton failed to directly appeal his conviction, his conviction became final four-and-a-half years ago. The limitation period ran out prior to Burton filing his state petition for a writ of habeas corpus. Therefore, the court must dismiss Burton's petition. An appropriate order will be entered this day.

ENTER: This 7th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE